UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| STACCATO CARLOS VALENTINO BLAKELY, a/k/a Stiletto Carlucci Luciano,<br><br>    Plaintiff,<br><br>v.<br><br>STILLWATER MN STATE PRISON MAIL ROOM EMPLOYEE'S OF SUPERVISOR MARY PEREZ, HELENE HAWORTH, JUNE LIAD, LEIGH MCCORT, COMMISSIONER OF MN STATE PRISON JOAN FABIAN, ADULT FACILITIES DIVISION ERIK SKON ASSISTANT COMMISSIONER OF MN STATE PRISONS,<br><br>    Defendants. | Civil File No. 05-2680 (MJD/SRN)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner of the State of Minnesota, commenced this action in the United States District Court for the District of Maryland. The case was later transferred to this District pursuant to 28 U.S.C. § 1406(a).

Plaintiff did not pay any filing fee when he filed this action, but instead applied for leave to proceed in forma pauperis, ("IFP"). When the matter came before this Court for initial review, the Court noted that Plaintiff is barred from proceeding IFP under the "three strikes rule" set forth at 28 U.S.C. § 1915(g).[1]  Therefore, by order dated November 30, 2005,

---

[1] Section 1915(g) was enacted as part of the Prison Litigation Reform Act of 1995 ("PLRA").  It provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or

(Docket No. 7), the Court directed Plaintiff to pay the full $250 filing fee prescribed by 28 U.S.C. § 1914(a). That order expressly advised Plaintiff that if he did not pay the full filing fee by December 23, 2005, the Court would recommend that this action be summarily dismissed.

The deadline for paying the filing fee has now passed, and Plaintiff has not paid it. In fact, Plaintiff has not communicated with the Court at all since this action was transferred to this District. Therefore, in accordance with the Court's prior order, it is now recommended that this action be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

## RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

This action be SUMMARILY DISMISSED WITHOUT PREJUDICE.

Dated: February 6, 2006

                                       s/ Susan Richard Nelson
                                      SUSAN RICHARD NELSON
                                      United States Magistrate Judge

---

detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 21, 2006,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.